**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LOUIS FITZIG, | DOCKET NUMBER |
| Appellant, | DC-1221-20-0502-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 19, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Louis Fitzig, Alexandria, Virginia, pro se.

Reagan N. Clyne, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, FIND that the appellant has established the Board's jurisdiction over his appeal, and REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, a GS-13 Special Agent for the Secret Service, is employed as a polygraph examiner in the Forensic Services Division. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 5. He alleged in an Office of Special Counsel (OSC) complaint that the agency retaliated against him for his purported protected disclosures consisting of a complaint and a subsequent sworn statement to the agency's Inspection Division that three agency officials had misused their positions to grant an unfair advantage, i.e., polygraph retesting without just cause, to the son of an agency supervisor (a legacy applicant) who failed his polygraph examination. IAF, Tab 1 at 27-28. The appellant explained that, in his experience, non-legacy applicants who failed their polygraph examination were not retested, but were instead disqualified for consideration in the employment process. *Id.* According to the appellant's OSC complaint and subsequent communications with OSC, he suffered numerous personnel actions in reprisal for his disclosures. *Id.* at 28. Thereafter, OSC terminated its investigation into the appellant's complaint and this IRA appeal followed. IAF, Tab 1 at 31-32. The appellant request a hearing in his Board appeal. IAF, Tab 1 at 2.

The administrative judge informed the appellant of his jurisdictional burden and afforded the parties an opportunity to submit evidence and argument. IAF, Tabs 2-3. Both parties responded. IAF, Tabs 5, 7-9.

In her initial decision, the administrative judge found that the appellant exhausted seven personnel actions with OSC, specifically that he was: (1) not selected for a lateral reassignment in May 2018, (2) given an oral counseling with written documentation on May 24 and June 14, 2018, for improper conduct during

two polygraph examinations he conducted, (3) removed from a leadership training on June 4, 2018, (4) temporarily suspended from his polygraph examination duties beginning June 15, 2018, (5) issued a letter of reprimand in February 2019 for failure to follow policy, (6) given a lowered performance reviews in 2018 and 2019, and (7) subjected to ongoing marginalization and alienation. IAF, Tab 11, Initial Decision (ID) at 12. The administrative judge also found that the appellant failed to exhaust his administrative remedies before OSC as to three other alleged personnel actions, (1) a negative determination of competence to conduct polygraph exams from the National Center for Credibility Assessment (NCCA), (2) the agency's failure to expunge a letter of reprimand from his personnel file, and (3) his continued suspension from collateral duties. ID at 16. The administrative judge then considered the appellant's two disclosures to the agency's Inspection Division and found that he failed to make a nonfrivolous allegation that the disclosures he identified were protected under 5 U.S.C. § 2302(b)(8). ID at 17-24; IAF, Tab 1 at 28. Thus, without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. *See* ID.

In his petition for review, the appellant argues, among other things, that he exhausted his administrative remedies before OSC and that he had a reasonable belief that he made a protected disclosure that was a contributing factor to the agency's purported retaliatory actions.[2] Petition or Review (PFR) File, Tab 5

_____

[2] In his petition for review, the appellant argues that the administrative judge improperly issued the initial decision before the time allowed by the Board's regulations for him to respond to the agency's motion to dismiss for lack of jurisdiction had concluded, denying him the right to respond to additional arguments raised in the agency's motion. Petition for Review (PFR) File, Tab 5 at 20; 5 C.F.R. § 1201.55(c). The administrative judge's jurisdictional order provided that the deadline for the agency response on jurisdiction would be April 27, 2020, and that, unless she ordered otherwise, the record would close on that date. IAF, Tab 3 at 8. The order also provided that, under the Board's regulations, a party is allowed to respond to new evidence and argument submitted by the other party just prior to the close of the record. 5 C.F.R. § 1201.59(c). It is not clear to what new argument the appellant intended to respond. Nevertheless, because we are remanding this appeal to the Washington

at 7-19. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant established jurisdiction over his IRA appeal.

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). A protected disclosure is one that an appellant reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 (2013). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or of one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.* Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim at which point he must prove his allegations by preponderant evidence. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

---

Regional Office for a hearing on the merits, we need not address the appellant's claim on review that the administrative judge erred by not affording him sufficient time to respond to the agency's jurisdictional response. *Perkins v. Department of Veterans Affairs*, 98 M.S.P.R. 250, ¶ 25 n.6 (2005).

*The appellant established OSC exhaustion of two additional personnel actions which the administrative judge found that he failed to raise before OSC.*

In an IRA appeal, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The purpose of the requirement that an appellant exhaust his remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation of the Act, it "shall transmit the information to the head of the agency involved for investigation and report." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC and their transmittal to agencies for remedial action are a major component of OSC's work. *Ward*, 981 F.2d at 526. To satisfy the exhaustion requirement, the appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 C.F.R. § 1201.57(c)(1).

The appellant provides copies of his November and December 2019 emails to OSC establishing exhaustion over two of the personnel actions for which, as

noted above, the administrative judge found that he had failed to exhaust his administrative remedies. PFR File, Tab 5 at 40, 57-60; ID at 16. In his emails with OSC, the appellant asserted, among other things, that the agency failed to rescind the February 2019 letter of reprimand for failure to follow policy, and continued its suspension of his collateral duties, i.e., mentoring and quality control review. PFR File, Tab 5 at 57-59. Because the record therefore shows that the appellant raised these two personnel actions with OSC, we find that the appellant established that he exhausted his administrative remedies before OSC regarding these two matters, in addition to the seven personnel actions identified above. PFR File, at 5 at 57-59; ID at 12, 16.

As noted previously, before the administrative judge the appellant raised as a personnel action a claim that the NCCA issued him a negative determination of competence. IAF, Tab 5 at 8-9; ID at 16. The appellant has not shown that this matter was not raised in his OSC complaint or in his subsequent emails with OSC. IAF, Tab 1 at 16-31, PFR File, Tab 5 at 57-59. Because the appellant failed to show that he raised the issue before OSC, the administrative judge correctly found that the appellant failed to establish OSC exhaustion over the claimed personnel action. ID at 16; *Mason*, 116 M.S.P.R. 135, ¶ 8.

> *The appellant made a nonfrivolous allegation that he made a protected disclosure.*

Concerning whether he made a nonfrivolous allegation of a protected disclosure, the appellant challenges the administrative judge's finding that his belief that a retest had been ordered for the legacy applicant was based on speculation, and that he could have readily ascertained that no retest had been sought for the legacy applicant. PFR File, Tab 5 at 41; ID at 19. The appellant maintains that he had a reasonable belief that a retest was ordered for the legacy applicant based on the statements of his colleague, both written and oral, and his observation of a conversation between the colleague and one of the agency

officials he accuses of retaliation, that a retest had been ordered. PFR File, Tab 5 at 41; IAF, Tab 9 at 116-17.

As noted above, the appellant asserted in his OSC complaint that he submitted a complaint and a sworn statement to the agency Inspection Division that certain agency officials had misused their positions to grant an unfair advantage, i.e., polygraph retesting without just cause, to a legacy job applicant who had failed his polygraph examination. IAF, Tab 1 at 27, Tab 5 at 14-15. He submitted a sworn statement to that effect, averring therein that another agent told him that one of the agency officials had asked the agent if he was available to retest the legacy applicant. IAF, Tab 5 at 17.

Nevertheless, in the initial decision, the administrative judge determined that the appellant did not have a reasonable belief that he had disclosed an abuse of authority. ID at 18-23. She found that the agency's evidence demonstrated that the appellant's belief was unreasonable because, among other things, it was a readily ascertainable fact that no retest had been sought. ID at 20. In that regard, the administrative judge remarked that, if the appellant had just asked one of the agency officials he had accused of improperly seeking the retest, he could have cleared up the misunderstanding and resolved the issue without further escalation. *Id.* The administrative judge reviewed the appellant's contentions, but ultimately determined that the appellant's evidence and argument failed to controvert the agency's "arguments, explanations, and evidence in support of its position that the appellant did not have a reasonable belief that his disclosure evidenced a violation of Title 5 of the United States Code, section 2302(b)(8)." ID at 24. Thus, "[h]aving carefully considered the parties' evidence and argument," she found that the appellant did not have a "reasonable belief" that his disclosure evidenced a violation of 5 U.S.C. § 2302(b)(8), and dismissed the appeal for lack of jurisdiction. *Id.*

As explained below, the administrative judge should not have credited the agency's evidence in determining whether the appellant made a nonfrivolous

allegation of jurisdiction sufficient to warrant a hearing on his IRA appeal. After the issuance of the initial decision in this appeal, the U.S. Court of Appeals for the Federal Circuit held in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), that:

> [W]hen evaluating the Board's jurisdiction over a whistleblower action, the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action.

The initial decision reflects that the administrative judge credited the agency's interpretation of the evidence in finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure. ID at 24. At this stage of an IRA appeal, however, the appellant need only make an allegation that, if true, makes out a prima facie case of whistleblowing that is plausible on its face. *Hessami*, 979 F.3d at 1369; *Linder*, 122 M.S.P.R. 14, ¶ 6. The appellant does not bear the burden of controverting the agency's evidence as to whether he had a reasonable belief that he made a protected disclosure and the administrative judge erred by requiring him to do so. *Hessami*, 979 F.3d at 1369. Thus, the administrative judge erred in denying jurisdiction based on her consideration of the agency's arguments regarding the proper interpretation of the evidence. *Id.* at 1371. Furthermore, we find that the appellant's allegations are sufficient to constitute a nonfrivolous allegation that he made a protected disclosure.

*The appellant made a nonfrivolous allegation that his disclosure was a contributing factor in a personnel action.*

To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *E.g.*, *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

The record shows that the appellant first contacted the Inspection Division on March 23, 2018. IAF, Tab 5 at 14-15. The first of the alleged personnel actions that the appellant claimed the agency took in retaliation was his May 2018 nonselection, closely followed by several other actions, and continuing until his March 2019 email contact with OSC. ID at 12; PFR File, Tab 5 at 56-59. As for the knowledge component of the test, the appellant argued below, and alleged in his OSC complaint, that the agency's Inspections Division notified his chain of command of his complaint, and took statements concerning his allegations. IAF, Tab 5 at 7, 9, 19, 26. Given the appellant's claim that his chain of command was aware of his complaint as of March 2018, and his contention that all of the actions that the agency took in reprisal occurred in 2018 or 2019, we find that under the knowledge/timing test, the appellant has made a nonfrivolous allegation that his March 2018 disclosures were a contributing factor in the personnel actions he has alleged subsequently occurred in 2018 and 2019. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (finding that a personnel

action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge/timing test).

As set forth above, we find that the appellant established that he exhausted his administrative remedies as to nine alleged personnel actions, i.e., that the agency: (1) did not select him for a lateral reassignment in May 2018, (2) gave him an oral counseling with written documentation on May 24 and June 14, 2018 for improper conduct during two polygraph examinations he conducted, (3) removed him from a leadership training on June 4, 2018, (4) temporarily suspended him from his polygraph examination duties beginning June 15, 2018, (5) issued him a letter of reprimand in February 2019 for failure to follow policy, (6) lowered his performance reviews in 2018 and 2019, (7) subjected him to ongoing marginalization and alienation, (8) failed to rescind the February 2019 Letter of Reprimand for failure to follow policy, and (9) continued its suspension of his secondary collateral duties. We also find that he made a nonfrivolous allegation that he made a protected disclosure that was a contributing factor in those personnel actions. Accordingly, we find that the appellant has established jurisdiction over his IRA appeal and is entitled to a hearing on the merits. *Hessami*, 979 F.3d at 1369; *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶¶ 6-8 (2011). On remand, the administrative judge shall afford the appellant an opportunity to prove by preponderant evidence that his March 2018 disclosures were protected and that they were a contributing factor in the nine personnel actions he exhausted before OSC. *See, e.g.*, *Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 12 (2016). If the administrative judge finds that the appellant proved his case in chief, she must determine whether the agency has proved by clear and convincing evidence that it would have taken these same personnel actions even in the absence of the appellant's disclosures. *See id.*

**ORDER**

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.